UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

CASE NO.:

RACHEL GONZALES,
an individual,
        Plaintiff,

vs.

ASCENSION HEALTH ALLIANCE d/b/a
ASCENSION d/b/a SACRED HEART HEALTH
SYSTEM,
a Non-Profit Corporation,
and SEDGWICK CLAIMS
MANAGEMENT SERVICES, INC.
 a corporation,

        Defendants.
_____/

## COMPLAINT

The Plaintiff, RACHEL GONZALES, ("Plaintiff" and/or ", MS. GONZALES") by and through her undersigned attorney, against Defendant, ASCENSION HEALTH ALLIANCE, d/b/a ASCENSION d/b/a SACRED HEART HEALTH SYSTEM, (hereinafter "ASCENSION") and Defendant, SEDGWICK CLAIMS MANAGEMENT SERVICES INC., ("SEDGWICK"), and collectively "Defendants" and alleges as follows:

### Jurisdiction, Venue & Parties

1. This is a civil action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq*. ("ERISA").

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and specifically 29 U.S.C. §1132(e).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and specifically 29 U.S.C. §1132(e)(2), because an action may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found. Both the breach occurred and Defendants may be found in this judicial district.

4. At all times material hereto, MS. GONZALES has been a resident and citizen of the State of Florida, specifically, Escambia County, Florida.

5. Plaintiff, MS. GONZALES brings this suit under the Ascension Long-Term Disability Plan (hereinafter "The Plan")

6. The Plan provides for long-term disability benefits for the employees of Sacred Heart, Plaintiff's employer.

7. At all times material hereto, MS. GONZALES was an employee of Sacred Heart who is the Policyholder.

8. At all times material hereto, Defendant, ASCENSION, a foreign, Non-Profit Corporation, with its principal place of business in St. Louis, Missouri, is authorized and doing business in the State of Florida.

9. Defendant ASCENSION is the civil law organization created under Missouri law to oversee Ascension Health Ministries so that the canonical ministries of Ascension Health Ministries may be carried out.

10. Defendant ASCENSION is the plan sponsor and plan administrator of The Plan as those terms are defined by 29 U.S. C. §1002.

11. Defendant ASCENSION is a plan fiduciary, given discretion to interpret Plan provisions.

12. At all times material hereto, Defendant SEDGWICK, is a foreign corporation, with its principal place of business in Illinois, and is authorized and doing business in the State of Florida.

13. Defendant SEDGWICK is a plan administrator of The Plan as those terms are defined by 29 US.C. §1002

14. Defendant SEDGWICK is a third party plan administrator or claims fiduciary, given discretion to interpret Plan provisions and is a Plan fiduciary, or alternatively, is a plan fiduciary without discretion to interpret Plan provisions.

15. At all times material hereto, MS. GONZALES was a participant, within the meaning of 29 U.S.C. §1002 (7), in The Plan insured by ASCENSION. A copy of what ASCENSION purported to Plaintiff during the administrative process to be the applicable Plan document is attached hereto as Exhibit A.[1]

16. Prior to filing this present action, MS. GONZALES has fulfilled all conditions precedent, including the exhaustion of administrative remedies and/or the exhaustion of such administrative remedies is excused.

## General Allegations

17. As a participant in the Plan, MS. GONZALES is entitled to receive disability benefits under The Plan if she meets the definition(s) of Disability.

18. The purported Plan document provided by ASCENSION provides the following definition of Disability:

> **1.12   Disability or Disabled** means that due to an Injury or Sickness which is supported by objective medical evidence,

---

[1] While Defendants contended during the administrative claims process that Exhibit "A" is a true and correct copy of the applicable Plan, Plaintiff is unaware at this time of whether such assertion is accurate.

  (a) the Participant requires and is receiving from a Licensed Physician regular, ongoing medical care and is following the course of treatment recommended by the Licensed Physician; and

  (b) either (1) or (2) below is satisfied;

    (1) The Participant is unable to perform:

      (A) during the first 24 months of Benefit payments or eligibility for Benefit payments, each of the Material Duties of the Participant's Regular Occupation; and

      (B) after the first 24 months of Benefit payments or eligibility for Benefit payments, any work or service for which the Participant is reasonably qualified taking into consideration the Participant's training, education, experience and past earnings.

    (2) the Participant, while unable to perform each of the Material Duties of the Participant's Regular Occupation on a full-time basis, is

      (A) performing at least one of the Material Duties of the Participant's Regular Occupation or any other work or service on a part-time or full-time basis; and

      (B) the Participant's earnings from work while Disabled do not exceed 80% of the Participant's pre-Disability Basic Monthly Earnings.

**1.26** **Material Duties** means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted.

**1.29** **Mental illness** means a mental, emotional or nervous condition that is identified in the Diagnostic and Statistical Manual of Mental Disorders, Fifth Edition (or such later edition as is current at the time of the Disability) and is certified and treated by a licensed psychiatrist. Notwithstanding the foregoing, the Claims Administrator may, in its discretion, certify a Participant's Mental Illness on a temporary basis, provided that:

      (a)    The Participant's primary care physician has determined that the Participant has a Mental Illness and

      (b)    The Participant obtains certification of Mental Illness and treatment by a licensed psychiatrist within the time period, not to exceed a maximum of four (4) weeks, specified by the Claims Administrator. If the Participant fails to obtain certification of his Mental Illness and treatment by a licensed psychiatrist within the time prescribed by the Claims Administrator, no further Benefits shall be paid with respect to the Mental Illness.

**1.40 Regular Occupation** means the activities that the Participant regularly performed when the Participant's Disability began. In addition to the specific position or job the Participant holds with the Participant's Employer, Regular Occupation also includes other positions and jobs for which the Participant has training and/or education to perform in the Participant's profession at the Participant's Employer or any other employer. If the Participant's Regular Occupation involves the rendering of professional services and the Participant is required to have a professional or occupational license in order to work, the Participant's Regular Occupation is as broad as the scope of his or her license.

**1.46 Sickness** means an illness, disease, medical condition or pregnancy.

(Ex. "A").

19.    The purported Plan document provided by ASCENSION provides MS. GONZALES with gross disability benefits that equal 50% of her pre-disability basic monthly earnings.

20.    MS. GONZALES' pre-disability occupation was as a Health Plan Enrollment Representative at Sacred Heart.

21.    On or about July 8, 2017, MS. GONZALES became prevented from performing the Material Duties of her Regular Occupation and any gainful occupation due to Major Depression with suicidal ideation and plan with admission to hospital, Anxiety, panic attacks,

severe isolating/social issues, sleep issues, frequent emotional meltdowns, Idiopathic Peripheral Neuropathy with uncontrollable shaking/tremors, nerve pain, severe neck and back pain, impairments in memory and concentration; and a lack of stamina or ability to handle stress.

22. MS. GONZALES filed a Short-Term Disability claim with Defendants which was approved and paid for twenty-five (25) days and then denied effective August 9, 2017.

23. MS. GONZALES submitted a timely appeal and Defendants upheld the denial of continued benefits.

24. Subsequently, MS. GONZALES filed a claim for Long-Term Disability benefits under the subject Plan and provided ample and sufficient documentation to support her disability under the terms of the Plan.

25. On or about February 15, 2018, Defendants' denied MS. GONZALES' claim for Long-Term Disability benefits, asserting that she did not meet the Elimination Period.

26. On or about March 15, 2018, MS. GONZALES submitted a timely administrative appeal of Defendants' denial of Long-Term Disability benefits, providing sufficient information to establish her Disability under the terms of The Plan.

27. In support of her claim/appeal, MS. GONZALES submitted to ASCENSION, a form entitled "Medical Opinion Re: Ability To Do Work-Related Activities" (hereinafter Medical Opinion Form") executed by Brandy Ingram, LCSW, dated February 28, 2018, indicating under the Mental Abilities and Aptitudes Need To Do Work category, that MS. GONZALES was unable to meet competitive standards of the following activities: Remember Work Like Procedures; Understand and Remember Very Short and Simple Instructions; Carry Out Very Short and Simple Instructions; Work in Coordination with or Proximity to Others Without Being Unduly Distracted; and Ask Simple Questions or Request Assistance.

28. Ingram's aforementioned Medical Opinion Form also provides under the Section entitled "Mental Abilities and Aptitudes Needed to do Unskilled Work" that MS. GONZALES has "No useful ability to function" in the following activities: Maintain Attention for Two Hour Segment; Maintain Regular Attendance and be Punctual with and Customary, Usually Strict Tolerances; Make Simple Work Related Decisions; Complete a Normal Workday and Work Week Without Interruptions From Psychologically-Based Symptoms; Perform at a Consistent Pace Without an Unreasonable Number an Lengths of Rest Periods; Respond Appropriately to Change in a Routine Work Setting; and Deal with Normal Work Stress.

29. Additionally, Ingram's aforementioned Medical Opinion Form, under the section addressing "Mental Abilities and Aptitudes Needed To Do Semiskilled and Skilled Work" provides that MS. GONZALES has no useful ability to: Understand and Remember Detailed Instructions; Carry Out Detailed Instructions; Set Realistic Goals or Make Plans Independently of Others; and Deal with Stress of Semiskilled and Skilled Work.

30. MS. GONZALES also submitted a Medical Opinion Form to Ascension executed by L. Erik Sternung, ARNP, dated March 5, 2018 which provides under the "Mental Abilities and Aptitudes Need To Do Work" category, that MS. GONZALES is unable to meet competitive standards of the following: Complete a Normal Workday and Work Week Without Interruptions from Psychologically-Based Symptoms; Get Along with Coworkers or Her Peers Without Unduly Distracting Them or Exhibiting Behavior Extremes; Respond Appropriately to Changes in Routine Work Setting; and Deal with Normal Work Stress, which according to Sternung, are supported by MS. GONZALES' labile moods, episodes of depression with suicidal ideation and admissions to psychiatric hospital.

31. Sternung's Medical Opinion Form indicates under the "Mental Abilities and Aptitude Needed To Do Semiskilled and Skilled Work" that due to MS. GONZALES' frequent emotional meltdowns and panic attacks, MS. GONZALES is unable to meet competitive standards of: Understanding or Remembering Detailed Instructions; Carrying Out Detailed Instructions and; Setting Realistic Goals or Make Plans Independently of Others and MS. GONZALES has No Useful Ability to Deal with Stress of Semiskilled and Skilled Work.

32. Sternung's Medical Opinion Form further indicates under the category of "Mental Abilities and Aptitudes Needed To Do Particular Types of Jobs", that MS. GONZALES is unable to meet competitive standards in Maintaining Socially Appropriate Behavior and no useful ability to function as it relates to: Interacting Appropriately with the General Public, due to severe social anxiety, secondary to depression and panic.

33. Sternung's Medical Opinion Form also indicates that MS. GONZALES would have difficulty working at a regular job on a sustained basis due to having treatment resistant symptoms despite aggressive treatment and that MS. GONZALES is unable to manage benefits in her own best interest.

34. MS. GONZALES also provided ASCENSION with a Cervical Spine and Chronic Pain Medical Source Statement executed by Miguel A. Gutierrez-Diaz, D.O., executed on March 5, 2018 which provides MS. GONZALES' diagnosis of: severe anxiety, depression, cervical radiculopathy, and migraine headaches and symptoms of: neuro-anatomic distribution of pain, severe neck pain radiating to her shoulders and upper extremities, chronic pain/paresthesia, tenderness, crepitus, muscle spasms, chronic fatigue, impaired sleep, impaired appetite, severe headache pain associated with impairment of the cervical spine and headache associated symptoms of nausea/vomiting, photosensitivity, weight change, and ability to concentrate,

impaired sleep, mood changes, mental confusion, and impaired appetite, as well as confusion to the extent that it is distracting to the adequate performance of work activities.

35. Dr. Gutierrez's Statement provides MS. GONZALES' limitations including severe limitations with reaching, handling, grasping, and fingering, as well as limitations including but not limited to: range of motion, neck movement, sitting, standing, walking, and symptoms severe enough to interfere with attention and concentration needed to perform even simple work tasks of a typical workday.

36. Also, Dr. Gutierrez-Diaz's Statement provides that MS. GONZALES has side effects from the prescribe medications, including: somnolence, confusion, nausea, weight gain, fatigue, and drowsiness, which can be expected to be severe and to limit Ms. Gonzalez's effectiveness at work due to distraction, inattention, drowsiness, etc.

37. However, on or about March 26, 2018, Defendants upheld their denial of Long-Term Disability benefits despite being in possession of sufficient evidence establishing that MS. GONZALES was and continued to be disabled under The Plan.

38. MS. GONZALES became disabled on or about July 8, 2017 and became eligible for benefits under the Plan on or about January 4, 2018, following a 180 day elimination period. However, from January 4, 2018 through the present, Defendants have failed and refused to pay Disability benefits to MS. GONZALES, despite MS. GONZALES' satisfying all conditions precedent to entitle her to the payment of disability benefits.

39. As a direct result of Defendants' wrong and unreasonable actions, MS. GONZALES has been forced to retain the services of the undersigned attorneys to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I

### Action to Recover Plan Benefits, Enforce Rights Under the Plan & Clarify Entitlement to Plan Benefits Pursuant to 29 U.S.C. §1132 (a)(1)(B)

40. Plaintiff, MS. GONZALES, hereby incorporates by reference all of the allegations contained in paragraphs 1 through 39 of this Complaint, as if they were specifically recited herein.

41. Under the terms of The Plan, Defendant, ASCENSION, agreed to provide MS. GONZALES with disability insurance benefits if she became disabled in accordance with the terms and conditions set forth within The Plan.

42. On or about July 8, 2017, MS. GONZALES became Disabled and on or about January 4, 2018 she became eligible for benefits in accordance with the terms and conditions set forth in the Plan and continuously remained and remains Disabled under the terms of The Plan to date.

43. From January 4, 2018 to date, Defendants have failed and refused to pay MS. GONZALES the disability benefits set for in The Plan owed to her.

44. MS. GONZALES has satisfied all conditions precedent under The Plan and is thus eligible to receive benefits for she has not waived or otherwise relinquished her entitlement to benefits.

45. Defendants' denial of disability benefits to MS. GONZALES was and is contrary to and in breach of the terms of The Plan, and was and is contrary to clear, compelling and substantial medical evidence, vocational evidence, and other evidence and information that supports MS. GONZALES' disability claim.

46. Defendants' claim denial is wrong, unreasonable, and arbitrary and capricious, as it is contrary to and in breach of the terms of the Plan, and is based on unfair claims handling including: an incomplete review of MS. GONZALES' medical evidence, and other evidence and information that supports her Disability claim; a failure to support its conclusions that MS. GONZALES was not in fact disabled under The Plan; a failure to perform a full and fair review of MS. GONZALES' claim; a failure to credit MS. GONZALES' reliable evidence supporting Disability; a failure to apply a reasonable interpretation to Plan terms.

47. Accordingly, Plaintiff, MS. GONZALES, is entitled to disability benefits since January 4, 2018.

48. Each monthly benefit owed to Plaintiff, MS. GONZALES, is a liquidated sum, and became liquidatd on the date the payment was due and payable.

49. Accordingly, Plaintiff, MS. GONZALES, is entitled to pre-judgment interest on each such payment.

50. Furthermore, Defendants, have failed to afford MS. GONZALES a full and fair review and subjected MS. GONZALES to an unreasonable claims process according to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

51. As a direct result of Defendants' actions and inactions, MS. GONZALES has incurred significant costs and attorney's fees.

52. Accordingly, Plaintiff, MS. GONZALES, is entitled to recover reasonable costs and attorneys' fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**COUNT II: WRONGFUL DENIAL OF SHORT TERM DISABILITY PAYROLL PRACTICE v. ASCENSION**

53. Plaintiff incorporates by reference paragraphs 1-52 of Count I of her Complaint as if fully set forth herein.

54. As a term of her employment, ASCENSION agreed to pay compensation out of its general assets to MS. GONZALES for periods of time during which she was physically or mentally unable to perform her duties, or was otherwise absent for medical reasons in the form of short term disability benefits (STD Benefits). (A copy of the STD Payroll Program Summary is attached as Exhibit "B.")[2]

55. The STD Benefits available to MS. GONZALES on the account of work she performed For ASCENSION constituted a Payroll Practice as that term is defined by 29 C.F.R.§ 2510.3-1(b)(2) and do not constitute an "employee welfare benefit plan," subject to ERISA.

56. Pursuant to the terms and conditions of Defendant ASCENSION's STD benefit plan, Defendant ASCENSION breached the terms and conditions of its employment agreement insuring Plaintiff for Short-Term Disability benefits.

57. As a direct, proximate and foreseeable result of Defendant's breach of employment agreement, Plaintiff has incurred the loss of Short Term Disability benefits.

## AS TO THE FIRST CLAIM FOR RELIEF

WHERFORE, Plaintiff, MS. GONZALES, prays that this Honorable Court grant her the following relief:

1) A declaratory judgment herein declaring:

   a. Plaintiff, MS. GONZALES, is disabled pursuant to the language and within the meaning of the Plan issued and insured by Defendant, ASCENSION;

---

[2] Defendants only provided MS. GONZALES with the STD Payroll Program Summary and not the actual STD Payroll Plan during the administrative claims process.

    b. Defendant ASCENSION is obligated to pay disability benefits to Plaintiff, MS. GONZALES, pursuant to the Plan and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest thereon;

    c. Plaintiff, MS. GONZALES, shall be entitled to recoup all interest, costs, attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

    d. Plaintiff, MS. GONZALES, may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

2) An award to Plaintiff, MS. GONZALES, for all benefits due her under the terms of the Plan, due and owing since the denial of Disability benefits by Defendants, plus interest thereon;

3) An award to Plaintiff, MS. GONZALES, of her reasonable costs and attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

4) Such other and further relief as this Court may deem just and proper.

## AS TO THE SECOND COUNT FOR RELIEF

WHEREFORE, Plaintiff demands judgment for damages against Defendant ASCENSION, costs of this action, pre-judgment interest, attorney's fees and a trial by jury on the allegations of this Count.

Respectfully submitted this 20th day of September, 2018.

                                            DI LAW GROUP
                                            Attorneys for Plaintiff
                                            3201 W. Commercial Blvd
                                            Suit 227
                                            Fort Lauderdale, Florida 33309
                                            Tel: (954) 989-9000
                                            Fax: (954) 989-9999

                                            /s/ Danielle L. Rosen

Danielle L. Rosen
Florida Bar No.:0159123
E-mail: danielle@dilawgroup.com